IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| RONALD CLIFFORD SNEE, JR. | ) | |
| Petitioner, | ) | Civil Action No. 08-1562 |
| vs. | ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL BARONE, Acting Supt. | ) | |
| Respondent. | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

For the reasons set forth below, it is respectfully recommended that the petition for writ of habeas corpus be dismissed.

II. **REPORT**

Ronald Clifford Snee, Jr., (Petitioner) is a state prisoner confined at the State Correctional Institution at Forest located in Marienville, Pennsylvania. He has filed a petition for writ of habeas corpus seeking, not to challenge the validity of his conviction and or sentence, but to challenge the conditions of his confinement, namely his placement in the Restricted Housing Unit. Because a state prisoner's challenge to the conditions of his confinement is not cognizable in a petition for writ of habeas corpus, the District Court should dismiss the petition.[1]

---

1. The petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases, this Court may dismiss the petition if it plainly appears on its face that the petitioner is not entitled to relief under habeas. *Accord* United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D.Md.2001)

## A. Habeas Corpus v. Civil Rights

The purpose of the writ of habeas corpus is to test the legality of a prisoner's detention. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurray, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the petitioner from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475, 484-85 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The remedy is to free an inmate from unlawful custody. Preiser, 411 U.S. at 475; Georgevich v. Strauss, 772 F.2d 1078 (3d Cir. 1985), *cert. denied*, 475 U.S. 1028 (1986). If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. Preiser, 411 U.S. at 499.

Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his custody, the district court lacks the power or subject matter jurisdiction to issue a writ. Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996) (district court should have dismissed petition for lack of subject matter jurisdiction where petition did not make any colorable

---

(dismissing petition construed as Section 2241 pursuant to Rule 4). This Court concludes that it plainly appears from the face of the petition that Petitioner's claims are not cognizable in habeas.

allegation that underlying conviction was invalid or that prisoner was otherwise being denied his freedom from unlawful incarceration); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (in a case where a federal prisoner sought to challenge the conditions of confinement by, inter alia, a petition for writ of habeas corpus, the court rejected the attempt, stating that "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

When a prisoner seeks to challenge the conditions of confinement, his remedy is by way of an action pursuant to 42 U.S.C. § 1983, if suing state actors, or pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), if suing federal actors. *See* Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993) ("if a [state] prisoner challenges 'the fact or length of confinement,' then his sole federal remedy is a writ of habeas corpus. . . but if the [state] prisoner is challenging only 'the conditions of confinement,' the claim may be pursued under 42 U.S.C. § 1983.").

Recently, the federal courts have formalized the distinction between actions that can be brought under habeas corpus and those that must be brought as civil rights actions. Essentially, the courts have held as follows: where a prisoner's challenge, no matter how labeled, if successful, would have a necessary impact on the fact or duration of his judicially imposed

3

sentence, then he must proceed by way of habeas, if on the other hand, the challenge, if successful, would not have a necessary impact on the fact or duration of his judicially imposed sentence, then he cannot proceed by way of habeas but may proceed by way of civil rights. *See, e.g.*, Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) ("We have adopted a simple bright line rule for resolving such questions. If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle is a § 1983 suit.") (citations and internal quotations omitted); Piggie v. McBride, 13 Fed.Appx. 358 (7th Cir. 2001); Montgomery v. Anderson, 262 F.3d 641 (7th Cir. 2001); Boyce v. Ashcroft, 251 F.3d 911 (10th Cir. 2001), *vacated as moot upon rehearing*, 268 F.3d 953 (10th Cir. 2001); Harrison v. Ayers, No. C 00-3589, 2002 WL 102609 (N.D. Cal. Jan. 16, 2002); Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions. . .

.")(citations omitted); Boyce v. Ashcroft, 251 F.3d at 914 (same).[2]

It appears that the Court of Appeals for the Third Circuit touched upon this issue in Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). In Leamer, a state prisoner sought to challenge by way of a civil rights action his placement on "Restricted Activities Program" (RAP) status. The District Court dismissed the case, holding that Leamer was in effect attacking the length of his sentence and thus was required to proceed via habeas. *Id*. at 537-538. In rejecting the District Court's holding, the Court of Appeals held that because success in Leamer's suit would not necessarily shorten his sentence, he was not required to proceed by way of habeas. *Id*. at 542 ("Leamer could not have brought his claim as a habeas claim; he did not and could not seek earlier release based on the adjudication of his constitutional claims."); *id*. at 543 ("The operative test . . . . is whether a favorable determination of Leamer's challenge would *necessarily imply* that he would serve a shorter sentence"). In the course of the opinion, the Court of Appeals noted that although there are similarities between habeas and civil rights actions in that both "allow prisoners to challenge unconstitutional conduct by state officers, the two are

---

2. The court takes judicial notice of the fact that Pennsylvania has no system of good time credits such that placement in disciplinary or administrative segregation or restricted housing or the long term segregation unit cannot, unlike other jurisdictions, affect any good time credits and thus such placements have no necessary effect on the length of the judicially imposed sentence.

not coextensive either in purpose or effect." *Id*. at 540. The court went on to observe that "[t]here is only a narrow subset of actions that arguably might properly be brought as either, that is, where the deprivation of rights is such that it necessarily impacts the fact or length of detention. In a series of decisions, the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief." *Id*. In its reasoning the court characterized Leamer's challenge as a challenge to the conditions of his confinement. *Id*. at 543. Most pertinent to the present case, the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

<u>Leamer</u>, at 542. *See also* <u>Spruill v. Rosemeyer</u>, 36 Fed.Appx. 488, 489 (3d Cir. May 28, 2002) ("There are no material differences for purposes of this appeal between appellant's claims – that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring him to a higher security prison in retaliation for exercising his First Amendment Rights– and the claims in *Leamer*. The appellant challenges the conditions of

6

his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action."); Bronson v. Demming, 56 Fed.Appx. 551, 553-554 (3d Cir. 2002) ("In this case, Bronson wishes to be released from one type of confinement [i.e., Restrictive Housing Unit] to another. No matter what the outcome of Bronson's habeas petition, neither the fact nor the length of his incarceration will be affected. Habeas relief is therefore unavailable.").

The discussion above reveals that the petition should be dismissed for failing to raise a claim cognizable in a habeas corpus proceeding. *Accord* Vaughn v. Pennsylvania Dept. of Corrections, 2008 WL 4279610 (W.D.Pa. Sep. 16 ,2008).

### B. Certificate of Appealability

To the extent one is needed, a certificate of appealability should be denied. To the extent that Petitioner has filed this petition pursuant to Section 2241, no certificate of appealability is needed. To the extent that the petition would properly be considered a Section 2254 petition, it is recommended that a certificate of appealability be denied because reasonable jurists would not disagree with the court's procedural ruling that habeas is not available to Petitioner. In either event, if Petitioner files a notice of appeal and the Court of Appeals determines that certificate of appealability is needed, that Court certainly has the discretion to treat the notice of appeal as a

request for a certificate of appealability and act accordingly. *See* Slack v. McDaniel, 529 U.S. 473 (2000) ("as AEDPA applied, the Court of Appeals should have treated the notice of appeal as an application for a COA."); Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). Alternatively, if the Petitioner files a request for a certificate of appealability, but should have filed a notice of appeal, the Appeals Court has discretion to consider it as such.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Petition for Writ of Habeas Corpus be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: November 14, 2008

RONALD CLIFFORD SNEE, JR  GW-4262
SCI Forest
1 Woodland Dr. P.O. Box 307
Marienville, PA 16239